UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

_____

IN RE: YASMIN AND YAZ (DROSPIRENONE) ) 3:09-md-02100-DRH-PMF
MARKETING, SALES PRACTICES AND ) MDL No. 2100
PRODUCTS LIABILITY LITIGATION )
_____ ORDER

**This Document Relates to:**

**Kimberly Arnold v. Bayer Corp., et al. No. 3:10-cv-11543-DRH-PMF[1]**

**Taylor Brewer v. Bayer Corp., et al. No. 3:10-cv-10880-DRH-PMF**

**Jessica Brown v. Bayer Corp., et al. No. 3:10-cv-11164-DRH-PMF**

**Samantha Brunatti v. Bayer Corp., et al. No. 3:10-cv-10879-DRH-PMF**

**Margie Busch v. Bayer HealthCare Pharmaceuticals, Inc., et al. No. 3:10-cv-10857-DRH-PMF**

**Falan Fudge v. Bayer Corp., et al. No. 3:10-cv-10996-DRH-PMF**

**Jasmine Grindstaff v. Bayer HealthCare Pharmaceuticals, Inc., et al. No. 3:10-cv-11700-DRH-PMF**

**Jamie Homan v. Bayer HealthCare Pharmaceuticals, Inc., et al. No. 3:10-cv-11673-DRH-PMF**

**Jennifer Johnson v. Bayer HealthCare Pharmaceuticals, Inc., et al. No. 3:09-cv-20161-DRH-PMF**

---

[1] Bayer filed identical motions and exhibits in each of the above captioned actions (*See e.g., Adams* Doc. 5, Doc. 5-1, and Doc. 5-2). For purposes of brevity, this Order references the document number for the motion and exhibits filed in the *Adams* member action. Bayer's motion to dismiss identifies 26 member actions, however, in 15 of those member actions, the motion to dismiss is now moot. This Order addresses the 11 member actions with motions to dismiss still pending.

**Ashley Kerr v. Bayer HealthCare Pharmaceuticals, Inc., et al. No. 3:10-cv-11829-DRH-PMF**

**Kayla Taylor v.Bayer HealthCare Pharmaceuticals, Inc., et al. No. 3:10-cv-11727-DRH-PMF**

## ORDER

**HERNDON, Chief Judge:**

This matter is before the Court on Defendant Bayer HealthCare Pharmaceuticals Inc.'s ("Bayer") motion, pursuant to Case Management Order 12 ("CMO 12"), for an Order dismissing Plaintiffs' claims, in the above-captioned matters, without prejudice for failure to comply with their Plaintiff Fact Sheet ("PFS") obligations.[2] Bayer contends that the Plaintiffs in the above-captioned matters were required to serve a completed PFS on or before January 6, 2011 but have not done so.[3]

Under Section E of CMO 12, **Plaintiffs were given 14 days from the date of Defendant's motion**, in this case 14 days from February 23, 2011, to file a response either certifying that they served upon Defendants and Defendants

---

[2] Under Section C of CMO 12, each Plaintiff is required to serve Defendants with a completed PFS, including a signed Declaration, executed record release Authorizations, and copies of all documents subject to the requests for production contained in the PFS which are in the possession of Plaintiff. Section B of CMO 12 further provides that a completed PFS is due "45 days from the date of service of the first answer to her Complaint or the docketing of her case in this MDL, or 45 days from the date of this Order, is whichever is later."

[3] *See Adams* Doc. 5, Doc. 5-1, and Doc. 5-2.

received a <u>completed</u> PFS, and attaching appropriate documentation of receipt or an opposition to Defendant's motion.[4]

To date, none of the Plaintiffs in the above captioned member actions has filed a response.[5] Because the Plaintiffs in the above captioned cases have failed to respond to Bayer's allegations, the Court finds that these Plaintiffs have failed to comply with the PFS obligations under CMO 12. Accordingly, the Court hereby **ORDERS** as follows:

- The **above captioned member actions** are **DISMISSED WITHOUT PREJUDICE** for failure to comply with the requirements of CMO 12.

---

[4] Responses to Bayer's motion to dismiss were due 14 days from February 23, 2011 regardless of any response date automatically generated by CM/ECF. The Court has previously noted in orders in this MDL and during a status conference in this MDL that **when deadlines provided by CM/ECF conflict with orders of this Court, the Court ordered deadline will always control**. *See* **United States District Court for the Southern District of Illinois, Electronic Filing Rules, Rule 3 (The "filer is responsible for calculating the response time under the federal and/or local rules. The date generated by CM/ECF is a guideline only, and, if the Court has ordered the response to be filed on a date certain, the Court's order governs the response deadline.").** The deadlines provided by CM/ECF are generated automatically based on the generic responsive pleading times allowed under the rules and do not consider special circumstances (such as court orders specific to a particular case or issue).

[5] In *Kerr,* Plaintiff's counsel filed a motion to withdraw as counsel for Plaintiff Kerr stating that, despite numerous attempts to contact Plaintiff Kerr, counsel has been unable to serve a timely completed PFS or to respond to Bayer's motion to dismiss (*Kerr* Doc. 3:10-cv-11829 Doc. 9).

- **Further,** the Court reminds Plaintiffs that, pursuant to CMO 12 Section E, **unless Plaintiffs serve Defendants with a COMPLETED PFS or move to vacate the dismissal without prejudice within 60 days after entry of this Order, the Order will be converted to a <u>Dismissal With Prejudice</u> upon Defendants' motion**.

**SO ORDERED**

Digitally signed by David R. Herndon
Date: 2011.03.22 12:45:25 -05'00'

**Chief Judge**                                           **Date: March 22, 2011**
**United States District Court**